**Opinion filed July 25, 2024**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-24-00002-CR & 11-24-00003-CR

_____

## GINO RICHARD VALADEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR29200 & CR29334**

## M E M O R A N D U M   O P I N I O N

Appellant, Gino Richard Valadez, was charged in a three-count indictment with committing the first-degree felony offense of aggravated sexual assault of T.G., a child under seventeen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(A)(vi) (West 2019). He was also charged in a separate indictment with a single count of occlusion assault against his then-girlfriend, B.S., a third-degree felony.

*See* PENAL § 22.01(a)(1), (b)(2)(B) (West Supp. 2023). Prior to a consolidated bench trial,[1] the State struck the aggravating language from the sexual assault allegations, and proceeded on those three counts as second-degree felonies. *See* PENAL § 22.011(a)(2). Appellant pled guilty to sexual assault of a child as alleged in counts one and three; he penetrated T.G.'s sexual organ with his sexual organ on separate dates. He pled not guilty to penetrating T.G.'s anus as alleged in count two, and not guilty to the family violence assault by occlusion.

At the conclusion of the evidence, the trial court found Appellant guilty of each offense, and assessed punishment at confinement for twenty years in the Correctional Institutions Division of the Texas Department of Criminal Justice for each of the sexual-assault-of-a-child convictions, and ten years' imprisonment for the occlusion-assault conviction. The trial court further ordered the sentences to run concurrently. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2023).

Appellant's court-appointed counsel has filed motions to withdraw in this court. The motions are supported by briefs in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the briefs, a copy of the motions to withdraw, an explanatory letter, and a copy of both the clerk's records and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's briefs, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re*

---

[1]Appellant was also convicted of three counts of possession or promotion of child pornography under trial court cause no. CR28970. His appeal of those convictions are pending in this court under Cause No. 11-24-00001-CR.

*Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record as set forth below, and we agree that the appeal is without merit.

In three separate indictments, Appellant was charged with committing: (1) possession or promotion of child pornography on March 3, 2022; (2) occlusion assault against B.S. on September 8, 2022; and (3) aggravated sexual assault of a child, T.G., by penetrating her vagina on November 13, 2021 and March 10, 2022, and her anus on March 10, 2022. *See* PENAL §§ 22.01(a)(1), (b)(2)(B), 22.021(a)(1)(B), (2)(A)(vi), 43.26. Appellant pled not guilty to each allegation except the reduced charges of sexual assault of a child by vaginal penetration. He waived his right to a jury trial, and the State presented evidence of each offense in a consolidated bench trial.

The State called ten witnesses, including T.G. and B.S. T.G. testified that she met Appellant when she was sixteen years old. After exchanging flirtatious text messages, she and Appellant engaged in sexual intercourse in November of 2021. Despite Appellant's awareness of T.G.'s age, and that "he could get in trouble," he continued his sexual relationship with T.G. until March of 2022.

As the relationship progressed, Appellant's sexual tendencies "slowly became different," and became aggressive. T.G. recalled: "He would tie me up really hard and wouldn't listen to me when I said I didn't want to do stuff, because I wasn't able to move." Appellant would give her vodka and marihuana to "calm [her] down," and he "choke[d] [her] to the point where [she] passed out multiple times." T.G. recalled being hogtied on one occasion while Appellant penetrated her vagina and

anus. Despite T.G.'s aversion to Appellant's sexual proclivities, she acquiesced because Appellant "was really adamant."

Appellant and T.G. recorded their sexual encounters, and sent each other explicit photographs and videos throughout their relationship. Detective Patrick Weaver of the Brownwood Police Department had videos extracted from T.G.'s phone, interviewed Appellant, and confirmed that the same content was stored on Appellant's phone. At trial, Appellant conceded to possessing sexually explicit material of him and T.G., but not the videos alleged in the indictment.

Appellant candidly admitted throughout his testimony that he penetrated sixteen-year-old T.G.'s vagina and mouth with his penis. However, he denied anal penetration, and claimed that he "never once asked [T.G.] for sex" because he "was always busy," tired, or "not in the mood." He only "went ahead and went with it" because "she was adamant on having sex," and he "didn't like seeing her upset." Although he knew that having sex with T.G. was against the law, he "did not know it would be this much trouble."

According to Appellant, T.G. asked to be tied up and choked, and he "made sure to never . . . squeeze [her] harder than what she wanted." Appellant testified that several of his sexual partners, including B.S. also asked to be choked during sex, so he was simply heeding his partners' requests. With respect to the occlusion assault charge, he denied ever hitting B.S., called her "a pathological liar," and suggested that she fabricated the assault out of jealousy.

The trial court heard testimony from B.S. that she and Appellant began dating in March of 2022. On September 8, 2022, she and Appellant were drinking at her apartment, and Appellant became increasingly agitated. They went outside at one point, and Appellant became even more agitated. While they were outside, Appellant kicked B.S. while she was sitting down, and she "fell over to the side."

After B.S. got up and went back inside, Appellant followed her, grabbed her, put her on the floor, got behind her as she was facedown, and wrapped her in a chokehold. B.S. described losing her hearing, "see[ing] stars," feeling pressure behind her eyes, and gasping for air. Appellant released and reapplied pressure several more times before B.S. passed out. Appellant put her into another chokehold when she awoke, and let her go only after she begged to tell her parents goodbye.

B.S. ran outside screaming for help. Shannon Duran, B.S.'s neighbor, heard what sounded like "a person in danger." Duran went outside and observed B.S. "crying," "visibly shaking," and "distressed." Her shirt was ripped, and she had red marks on her neck. Duran also saw Appellant, who told B.S. to come with him. Because it was obvious to Duran that B.S. "had been assaulted to some degree," she refused to let B.S. go with Appellant, and called 9-1-1.

Nurse Lisa Burks examined B.S. the morning after the assault, and observed "a lot of redness and abrasions to her neck," "bruising to her chest," and "petechiae to the right side of her face." According to Burks, the visible injuries were consistent with B.S.'s account.

Finally, the State introduced a letter that Appellant wrote to B.S. from jail in which he apologizes and professes his love for her. However, even with B.S.'s testimony, visible injuries, and other corroborating evidence, Appellant told the trial court that "[B.S.] was having her usual tantrum" and "doing her usual theatrics" that night.

Appellant's counsel elicited that Appellant was physically abused by his father as an adolescent, served in the Army, and suffered from anxiety and depression. Counsel then introduced three letters in support of Appellant's character for the trial court's consideration, and apologized for "[giving] into the sexual assault."

Prior to assessing punishment, the trial court explained its finding of guilt as to the occlusion assault, specifically noting its credibility determination: "I listened to [Appellant] testify and . . . I saw no remorse. . . . I believe [B.S.] a hundred percent." The trial court sentenced Appellant to confinement for twenty years for each of the sexual-assault-of-a-child convictions, ten years for each child-pornography conviction, and ten years for the occlusion-assault conviction.

We conclude that the evidence is sufficient to support the trial court's guilty verdicts. We further conclude that, based on our independent review of the record, no other arguable grounds for appeal exist.[2]

However, the judgments contain non-reversible error requiring modification. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that the Texas Rules of Appellate Procedure empower courts of appeals to reform judgments); *see also Rhodes v. State*, 676 S.W.3d 228, 235 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (collecting cases). Pursuant to Article 102.073(a) of the Code of Criminal Procedure, court costs may only be assessed once against a defendant who was convicted of multiple offenses in a single criminal action. TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). Court costs are determined by "using the highest category of offense that is possible based on the defendant's convictions." *Id*. art. 102.073(b).

Here, court costs were erroneously assessed in one of the causes resolved before the trial court. The occlusion assault judgment, cause no. CR29200, orders court costs of $290, and the judgment of Appellant's convictions for sexual assault of a child, cause no. CR29334, orders court costs of $270. Because the offense of the highest category is sexual assault of a child, a second-degree felony, we retain

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

the costs assessed in that cause, and delete the $290 ordered in cause no. CR29200. *See, e.g.*, *Jones v. State*, No. 14-22-00495-CR, 2024 WL 848371, at \*5 (Tex. App.—Houston [14th Dist.] Feb. 29, 2024, no pet.).

Accordingly, in Cause No. 11-24-00003-CR, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court; in Cause No. 11-24-00002-CR, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.


W. BRUCE WILLIAMS

JUSTICE


July 25, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.